UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA BOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 10-1961 (RJL) |
| | ) |
| ATSI/JACKSONVILLE JOB CORPS | ) |
| CENTER, et al. | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**
(September 20, 2011) [Dkt. # 7, 8, 13, 20]

I.   **Introduction and Background.**

Plaintiff, proceeding pro se, claims that she was sexually harassed by her former coworker at the Jacksonville Job Corps Center (JJCC), which provides "a no-cost education and career technical training program administered by the U.S. Department of Labor that helps young people ages 16 through 24 improve the quality of their lives through career technical and academic training" in Florida. Compl. ¶ 1, 10-15, ECF No. 1; *About Us*, Jacksonville Job Corps Center, http://jacksonville.jobcorps.gov/about.aspx (last visited Sept. 12, 2011). She commenced this action against the ATSI/Jacksonville Job Corps Center (ATSI/JJCC); Clark V. Hayes, who plaintiff alleges was the owner, the CEO, and an employee of ATSI/JJCC; and Marvin Owens, an employee of ATSI/JJCC over whom plaintiff alleges Mr. Hayes exercised supervision. Compl. ¶¶ 5–7. She alleges: (1) discrimination in violation of Title VII of the Civil Rights Act of 1964 by ATSI/JJCC; (2) a violation of her Fourteenth Amendment equal protection rights by ATSI/JJCC and Mr. Owens; (3) battery by Mr. Owens; and (4) negligent retention and

supervision by ATSI/JJCC. *Id.* ¶¶ 16–55. Nowhere does plaintiff specifically pray for relief against Mr. Hayes. *See generally* Compl.[1]

Mr. Owens and Mr. Hayes (collectively, not including ATSI/JJCC, "defendants") have moved to dismiss the claims against them, arguing in relevant part that the Court lacks personal jurisdiction over them. *See* Def. Marvin Owens' Mot. Dismiss, ECF No. 7; Def. Marvin Owens' Mem. Supp. Mot. Dismiss at 2–5, ECF No. 7-1 [hereinafter Owens's Mem.]; Def. Clark V. Hayes' Special Appearance Mot. Dismiss, ECF No. 8; Hayes's Mem at 3–6.[2] Plaintiff has opposed these motions, but instead of directly addressing the merits, plaintiff requests discovery regarding defendants' contact with this forum. *See* Pl's Mot. Opp'n Defs. Clark V. Hayes & Marvin M. Owens Mot. Dismiss, ECF No. 17 [hereinafter Opp'n]. Plaintiff has also filed a separate motion for leave to conduct that discovery. *See* Pl.'s Mot. Conduct Disc. Limited to Issue Personal Jurisdiction, ECF No. 13 [hereinafter Disc. Mot.]. Finally, plaintiff has moved to strike defendants' dispositive motions. *See* Mot. Strike Defs.' Answers & Defenses, ECF No. 20 [hereinafter Mot. to Strike].

First, plaintiff's motion to strike is denied because the federal rules only provide for striking pleadings, not dispositive motions. An opposition to a dispositive motion serves as a party's objection to arguments made in that motion but does not necessitate formally striking those arguments. Second, defendants' motions to dismiss will be granted because defendants do not have, and have not had, contacts with this forum sufficient to support the exercise of personal jurisdiction. Finally, the motion for leave to conduct discovery will be denied because the

---

[1] Although Mr. Hayes has pointed this out, he has not moved to dismiss for failure to state a claim upon which relief can be granted. *See* Mem. P. & A. Supp. Def. Clark V. Hayes' Special Appearance Mot. Dismiss at 2, n.1, ECF No. 8-1 [hereinafter Hayes's Mem.].

[2] ATSI/JJCC has not yet responded to the complaint.

2

discovery sought would not show that the Court would have personal jurisdiction over defendants.

## II.    Analysis.

### A.    The Motion to Strike Will Be Denied.

Plaintiff asks that "Defendants['] Motion[s] to Dismiss be stricken." Mot. to Strike at 2. In her motion, plaintiff points to Federal Rules of Civil Procedure 7(a) and 12(f). *Id.* at 1. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Only the following are pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a). A motion to strike a motion is therefore not proper under Rule 12(f). *See Structural Concrete Prods., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 321 (E.D. Va. 2007).

By the very text of the rules cited by plaintiff, then, this motion may not be granted: She asks that a motion be stricken, but a motion is not a pleading. *See* Fed. R. Civ. P. 7(b). A motion to strike a motion may be considered instead as an opposition. *Fisherman's Harvest, Inc. v. United States*, 74 Fed. Cl. 681, 690 (Fed. Cl. 2006); *Goyal v. Thermage, Inc.*, No. 08-cv-20, 2010 WL 2651185, at *2, n. 12 (D. Md. July 1, 2010). Therefore, the Court will deny plaintiff's motion to strike, but will consider the substantive arguments made therein—that defendants have sufficient contacts with this forum, Mot. to Strike at 1—as supplementing her opposition to defendants' dispositive motions.

3

**B.     The Motions to Dismiss Will Be Granted.**

    **1.     Legal Standard.**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal for lack of personal jurisdiction. The plaintiff bears the burden of "establishing a factual basis for the [Court's] exercise of personal jurisdiction over the defendant." *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990) (citation omitted). To meet this burden, the plaintiff "must allege specific acts connecting [the] defendant with the forum[.]" *Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (alterations in original)(citations omitted). When evaluating whether a plaintiff has met her burden, "factual discrepancies appearing in the record must be resolved in favor of the plaintiff." *N.Y. Zoological Soc'y*, 894 F.2d at 456 (citations omitted).

    **2.     Personal Jurisdiction May Be Specific or General.**

A court may exercise two forms of personal jurisdiction: specific and general. Specific jurisdiction exists where a claim arises out of the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) (citations omitted). First, specific jurisdiction must comport with the forum's long-arm statute. *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995). The District of Columbia's long-arm statute extends personal jurisdiction over a defendant where a claim arises from the defendant's:

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;

4

>    (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
>    (7) marital or parent and child relationship in the District of Columbia . . . .

D.C. Code § 13-423(a). Second, specific jurisdiction must comport with constitutional guarantees of due process: A defendant must have "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). Those guarantees are satisfied "if the defendant has purposefully directed his activities at residents of the forum," and "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (internal citations and quotations omitted).

General jurisdiction, by contrast, exists where a defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim. *Helicopteros*, 466 U.S. at 414 n.9. First, general jurisdiction must comport with D.C. Code § 13-422, which provides that a "District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." § 13-422; *Cornell v. Kellner*, 539 F. Supp. 2d 311, 314 n.7 (D.D.C. 2008). Second, general jurisdiction must also comport with constitutional guarantees of due process. *Int'l Shoe Co.*, 326 U.S. at 316. Those guarantees are satisfied if a defendant has such continuous and systematic contacts with the forum that the defendant could reasonably foresee being hauled into court in that forum. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

5

### 3.     The Court Lacks Personal Jurisdiction Over Defendants.

Plaintiff has not met her burden to show that this Court has specific jurisdiction over defendants. Mr. Owens resides and works for the ATSI/JJCC in Jacksonville, Florida. Decl. of M. Owens ¶¶ 2–3, ECF No. 7-2. His only contact with the District of Columbia was one visit approximately 10 to 12 years ago—a contact out of which plaintiff's claims plainly do not arise. *Id.* ¶ 4. Mr. Hayes, an Ohio citizen who also maintains his offices in Ohio, apparently has no contacts with the District of Columbia whatsoever. Aff. of C. Hayes, ECF No. 8-2. Therefore, neither Mr. Owens nor Mr. Hayes can be reached by the District's long-arm statute. Moreover, the events giving rise to this case allegedly took place in Jacksonville and have nothing to do with any contacts made with this forum. Compl. ¶ 10-15. Plaintiff has simply not pled any jurisdictional facts to show that this Court can exercise specific jurisdiction over defendants. *See* Compl.; Opp'n.

Concerning general jurisdiction, plaintiff has similarly not pled any jurisdictional facts to show that defendants fall under any category of D.C. Code § 13-422 or have any systematic and continuous contacts with this forum. *See* Compl.; Opp'n. Plaintiff's only argument to the contrary is that "the defendants have engaged in contractual business with the federal government (e.g., United States Department of Labor)." Opp'n at 2; *see also* Compl. ¶ 3 (contending that "Defendants transacts [sic] contractual business in this district with the United States Department of Labor"); Mot. to Strike at 1 (contending that Mr. Owens "has entered into contracts with the federal government"). This argument fails for several reasons. First, plaintiff collapses Mr. Hayes and Mr. Owens with ATSI/JJCC in her conclusory assertion that all three "defendants" have engaged in such business. Opp'n at 2. Second, even if Messrs. Owens and Hayes have engaged in such business, such that they would be subject to the District's long-arm

statute for "transacting any business in the District of Columbia," D.C. Code § 13-423(a)(1), or "contracting to supply services in the District of Columbia," D.C. Code § 13-423(a)(2), plaintiff's claims have nothing to do with that business. Specific jurisdiction, therefore, cannot be based on those contacts. Finally, as to general jurisdiction, plaintiff provides no specific allegations from which the Court could examine whether these alleged contractual contacts are systematic or continuous, and those contacts still fail to bring Messrs. Owens and Hayes under any provision of D.C. Code § 13-422. *See* Compl.; Opp'n.[3]

### C. The Motion for Leave to Conduct Discovery Will Be Denied.

Finally, plaintiff seeks leave to discover "facts evidencing purposeful activity by Defendants within the District of Columbia." Disc. Mot. at 1. Such discovery "would aid the plaintiff in acquiring contracts entered into by the defendants with the federal government," plaintiff states. Opp'n at 3. Plaintiff thus seeks to bolster her argument that defendants have conducted business with the U.S. Department of Labor sufficient to support personal jurisdiction.

"[W]hile jurisdictional discovery is liberally granted, a plaintiff is not entitled to take it solely because [she] requests it—[she] still must make the requisite showing of good cause." *Nu Image, Inc. v. Does 1-23,322*, No. 11-cv-301, 2011 WL 3240562, at *1 (D.D.C. July 29, 2011). Thus, a plaintiff must, *inter alia*, "reasonably demonstrate[] that [she] can supplement [her] jurisdictional allegations through discovery." *Exponential Biotherapies, Inc. v. Houthoff Buruma*

---

[3] Plaintiff also expresses concern that Mr. Hayes and ATSI/JJCC may be one and the same, implying that general jurisdiction may be had over Mr. Hayes insofar as he is ATSI/JCCC, presumably under D.C. Code § 13-334. Opp'n at 2; *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002) (citing § 13-334(a)) ("District of Columbia law also permits courts to exercise 'general jurisdiction' over a foreign corporation as to claims not arising from the corporation's conduct in the District, if the corporation is 'doing business' in the District.")(citations omitted). But ATSI/JJCC is already a separate defendant in this case, and plaintiff has made it clear that Mr. Hayes is sued only "in his individual capacity," i.e., not in whatever corporate identity he may share with ATSI/JJCC. Compl. ¶ 6. Plaintiff's concern is therefore irrelevant to whether the Court has personal jurisdiction over Mr. Hayes.

7

*N.V.*, 638 F. Supp. 2d 1, 11 (D.D.C. 2009) (internal quotations and citations omitted). Plaintiff has failed to make that demonstration because, as discussed above, even if plaintiff were able to plead jurisdictional facts demonstrating defendants' contact with the federal government, those contacts would not suffice to support a finding of personal jurisdiction in this case. *See* discussion *supra* Part II.B.3. The motion for discovery will therefore be denied.

### III. Conclusion.

For the reasons discussed above, the Court will deny the motion to strike, deny the motion for leave to conduct discovery, and grant the motions to dismiss. Separate orders consistent with this Memorandum Opinion shall issue this date.

DATE: September 20, 2011

_____
RICHARD J. LEON
United States District Judge